**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRUZ LORENZO CALMO, AKA Cruz Lorenzo, AKA Mario Mendoza, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.  14-72653 <br><br> Agency No. A098-950-559 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Cruz Lorenzo Calmo, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the BIA's determination that, even if Lorenzo Calmo established past persecution on account of his Mam ethnicity and familial relationship to his father, there has been a fundamental change in circumstances in Guatemala such that the government rebutted the presumption that his life or freedom would be threatened upon his return on account of a protected ground. *See* 8 C.F.R. § 1208.16(b)(1)(A); *see Gonzales-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) (agency properly provided "an individualized analysis of how changed conditions will affect the specific petitioner's situation") (internal quotation marks omitted). Lorenzo Calmo's contention that the agency applied an incorrect legal standard is unpersuasive. Thus, we deny the petition for review as to Lorenzo Calmo's claim for withholding of removal.

Substantial evidence also supports the BIA's denial of CAT relief because Lorenzo Calmo failed to show it is more likely than not that he would be tortured

14-72653

by or with the consent or acquiescence of the Guatemalan government. *See Silaya*,

524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**